**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ANTHONY S. DOSS,

Plaintiff,

v.

BARCLAYS BANK DELAWARE

GREAT LAKES EDUCATIONAL LOAN SERVICES, INC.

EQUIFAX INFORMATION SERVICES, LLC

EXPERIAN INFORMATION SOLUTIONS, INC.

TRANS UNION, LLC

GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.

and

MAXIMUMS FEDERAL SERVICES, INC.

Defendants.

No. 3:20-cv-45-MHL

**GDIT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant General Dynamics Information Technology, Inc. ("GDIT"), answers Plaintiff Anthony Doss' ("Plaintiff") Amended Complaint responding to the correspondingly numbered paragraphs thereof, as follows:

**Preliminary Statement**

1. GDIT admits that Plaintiff brings this action against GDIT and other defendants pursuant to the Fair Credit Reporting Act ("FCRA"), but GDIT denies that GDIT engaged in any

wrongdoing and/or that Plaintiff is entitled to any relief. GDIT denies any remaining allegations in Paragraph 1.

2. Insofar as the allegations in Paragraph 2 are directed at GDIT, GDIT specifically denies the allegations. With respect to the remaining allegations in Paragraph 2, GDIT lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

3. The allegations in Paragraph 3 are not directed at GDIT and such allegations are legal conclusions to which no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 3.

4. GDIT admits that Plaintiff brings this action against GDIT and other defendants pursuant to the FCRA, but GDIT denies that GDIT engaged in any wrongdoing and/or that Plaintiff is entitled to any relief. GDIT denies any remaining allegations in Paragraph 4.

5. The allegations in Paragraph 5 are not directed against GDIT, and as such, no response is required. To the extent a response is required, GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies them.

**Jurisdiction and Venue**

6. The allegations in Paragraph 6 are legal conclusions to which no response is required.

7. The allegations in Paragraph 6 are legal conclusions to which no response is required. Answering further, GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's purported residence.

**Parties**

8. GDIT admits Plaintiff is a natural person. The remaining allegations in Paragraph 8 are conclusions of law to which no response is required. To the extent any response is required, GDIT denies the allegations.

9. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies them.

10. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies them.

11. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies them.

12. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies them.

13. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies them.

14. GDIT admits only that it is a corporation organized under the laws of Virginia with its principal place of business located at 3150 Fairview Park Drive, Falls Church, Virginia 22042. The remaining allegations in Paragraph 14 are conclusions of law to which no response is required. To the extent any response is required, GDIT denies the allegations.

15. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies them.

**Facts**

16. GDIT is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

17. GDIT is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies them.

18. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them.

19. GDIT admits that the regulations promulgated by the Department of Education regarding identity theft discharge state as quoted in Paragraph 19.

20. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. GDIT denies that any of its reporting was "derogatory." As to the remaining allegations in Paragraph 24, GDIT is without knowledge or information sufficient to form a belief as to their truth and therefore denies them.

25. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies them.

29. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies them.

30. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies them.

34. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies them.

38. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

39. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies them.

40. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them..

42. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

43. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies them.

46. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

**Count One – Violations of the Fair Credit Reporting Act**
**15 U.S.C. § 1681s-2(b)**
**(Furnisher Defendants)**

47. GDIT reasserts its answers and responses as set forth herein.

48. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies them.

52. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56. GDIT denies the allegations in Paragraph 56.

57. GDIT denies the allegations in Paragraph 57.

58. GDIT denies the allegations in Paragraph 58.

59. GDIT denies the allegations in Paragraph 59.

60. GDIT denies the allegations in Paragraph 60.

61. GDIT denies the allegations in Paragraph 61.

62. GDIT is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63. GDIT denies the allegations in Paragraph 63.

64. Paragraph 64 alleges conclusions of law to which no response is required. To the extent Plaintiff alleges that GDIT has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied. Any remaining allegations in Paragraph 64 are denied.

65. Paragraph 65 states conclusions of law to which no response is required. To the extent Plaintiff alleges that GDIT has committed any wrongdoing or that Plaintiff is entitled to any relief, the allegations are denied. Any remaining allegations in Paragraph 65 are denied.

66. GDIT denies the allegations in Paragraph 66.

67. GDIT denies the allegations in Paragraph 67.

68. GDIT denies the allegations in Paragraph 68.

69. GDIT denies the allegations in Paragraph 69.

**Count Two – Violations of the Fair Credit Reporting Act**
**15 U.S.C. § 1681e(b)**
**(CRAs)**

70. GDIT reasserts its answers and responses as set forth herein.

71. The allegations and claims asserted in Count Two are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 71.

72. The allegations and claims asserted in Count Two are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 72.

73. The allegations and claims asserted in Count Two are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 73.

74. The allegations and claims asserted in Count Two are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 74.

**Count Three – Violations of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i(a)(1)**
**(CRAs)**

75. GDIT reasserts its answers and responses as set forth herein.

76. The allegations and claims asserted in Count Three are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 76.

77. The allegations and claims asserted in Count Three are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 77.

78. The allegations and claims asserted in Count Three are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 78.

79. The allegations and claims asserted in Count Three are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 79.

**Count Four – Violations of the Fair Credit Reporting Act**
**15 U.S.C. §1681i(a)(4)**
**(CRAs)**

80. GDIT reasserts its answers and responses as set forth herein.

81. The allegations and claims asserted in Count Four are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 81.

82. The allegations and claims asserted in Count Four are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 82.

83. The allegations and claims asserted in Count Four are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 83.

84. The allegations and claims asserted in Count Four are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 84.

**Count Five - Violations of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i(a)(5)(A)**
**(CRAs)**

85. GDIT reasserts its answers and responses as set forth herein.

86. The allegations and claims asserted in Count Five are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 86.

87. The allegations and claims asserted in Count Five are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 87.

88. The allegations and claims asserted in Count Five are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 88.

89. The allegations and claims asserted in Count Five are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 89.

**Count Six - Violations of the Fair Credit Reporting Act**
**15 U.S.C. § 1681c-2(a), (b), and (c)**
**(Equifax and Experian)**

90. GDIT reasserts its answers and responses as set forth herein.

91. The allegations and claims asserted in Count Six are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 91.

92. The allegations and claims asserted in Count Six are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 92.

93. The allegations and claims asserted in Count Six are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 93.

94. The allegations and claims asserted in Count Six are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 94.

**Count Seven – Violations of the Fair Credit Reporting Act**
**15 U.S.C. § 1681i(a)(5)(B) and (C)**
**(Experian)**

95. GDIT reasserts its answers and responses as set forth herein.

96. The allegations and claims asserted in Count Seven are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 96.

97. The allegations and claims asserted in Count Seven are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 97.

98. The allegations and claims asserted in Count Seven are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 98.

99. The allegations and claims asserted in Count Seven are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 99.

**Count Eight – Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 *et seq.***
**(Maximus)**

100. GDIT reasserts its answers and responses as set forth herein.

101. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 101.

102. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 102.

103. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 103.

104. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 104.

105. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 105.

106. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 106.

107. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 107.

108. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 108.

109. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 109.

110. The allegations and claims asserted in Count Eight are not directed towards GDIT, therefore no response is required. To the extent that a response is required, GDIT denies the allegations in Paragraph 110.

**Demand for Trial by Jury**

111. Plaintiff's demand for a jury trial is not a factual allegation to which any response is required.

**Conclusion**

GDIT denies that Plaintiff is entitled to any of the relief sought in the "WHEREFORE" paragraph immediately following Paragraph 111 and avers that Plaintiff is not entitled to any relief whatsoever from GDIT.

**AFFIRMATIVE DEFENSES**

GDIT gives notice that it asserts the following defenses as a matter of law and/or supported by facts to be determined through discovery. The Affirmative and Other Defenses are not intended to be exclusive. By alleging the defenses set forth below, GDIT is not in any way agreeing or conceding that it has the burden of proof, persuasion, or production that would otherwise rest on the Plaintiff. Further, GDIT expressly reserves the right to assert other defenses as those become available to GDIT in this proceeding.

**FIRST DEFENSE**
**GDIT is Not a Furnisher Under the FCRA**

112. GDIT is not a furnisher under the FCRA, and thus GDIT cannot be liable under

any of the Plaintiff's claims.

**SECOND DEFENSE**
**GDIT Did Not Violate the FCRA**

113. GDIT complied with the FCRA, and thus GDIT cannot be liable under any of the Plaintiff's claims.

**THIRD DEFENSE**
**Failure to Prove Accuracy**

114. GDIT did not inaccurately report information, and thus GDIT cannot be liable under any of Plaintiff's claims.

**FOURTH DEFENSE**
**Failure to Prove Reasonableness**

115. GDIT acted reasonably, and thus GDIT cannot be liable under any of Plaintiff's claims.

**FIFTH DEFENSE**
**Statute of Limitations**

116. Plaintiff's claims are barred in whole or in part by applicable statutes of limitations including but not limited to 15 U.S.C. § 1681p.

**SIXTH DEFENSE**
**Failure to Prove Causation**

117. GDIT did not cause Plaintiff any injuries, and thus GDIT cannot be liable under any of Plaintiff's claims.

**SEVENTH DEFENSE**
**Lack of Injury**

118. Plaintiff did not suffer any injuries, and thus GDIT cannot be liable under any of Plaintiff's claims.

**EIGHTH DEFENSE**
**Failure to State a Claim**

119. The Complaint fails to state a claim upon which relief may be granted.

**NINTH DEFENSE**
**Waiver**

120. GDIT asserts the defense of waiver against some or all of the allegations in the Complaint.

**TENTH DEFENSE**
**Estoppel**

121. GDIT asserts the defense of estoppel against some or all of the allegations in the Complaint.

**ELEVENTH DEFENSE**
**Ratification**

122. GDIT asserts the defense of ratification against some or all of the allegations in the Complaint.

**TWELVTH DEFENSE**
**Acquiescence**

123. GDIT asserts the defense of acquiescence against some or all of the allegations in the Complaint.

**THIRTEENTH DEFENSE**
**Unclean Hands**

124. GDIT asserts the defense of unclean hands against some or all of the allegations in the Complaint.

**FOURTEENTH DEFENSE**
**Constitutional Challenges**

125. GDIT preserves all due process and other constitutional challenges to punitive damages under state and/or federal statutes, constitutions, and law.

**FIFTEENTH DEFENSE**
**Immunity**

126. GDIT is immune from liability under the FCRA and thus GDIT cannot be liable under any of Plaintiff's claims.

**SIXTEENTH DEFENSE**
**Contribution**

127. Any harm alleged in the Amended Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

WHEREFORE, having answered the Plaintiff's Complaint in its entirety, GDIT requests the following relief:

A. That all of the Plaintiff's claims be dismissed with prejudice;

B. That the Court enter judgment in favor of GDIT on all causes of action;

C. That all of GDIT's costs and fees, including attorneys' fees, be awarded to GDIT; and

D. That the Court grant such other relief as it may deem just and proper.

Dated: May 15, 2020

Respectfully submitted,

By: /s/ *Matthew L. Haws*

Matthew L. Haws
Virginia Bar No. 48368
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington DC, 20001
Phone: 202-639-6065
Mhaws@jenner.com

Andrew Merrick (*pro hac vice* motion to be applied for)
JENNER & BLOCK LLP
313 N. Clark Street
Chicago, IL 60654
Phone: 312-840-7695
Amerrick@jenner.com

*Attorneys for Defendant General Dynamics Information Technology, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of May 2020, I electronically filed the foregoing using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record as follows:

Drew D. Sarrett
Ian E. Vance
THE SARRETT LAW FIRM PLLC
8100 Three Chopt Rd., Suite 203
Richmond, VA 23229
Telephone: 804-303-1951
Fax: 804-250-6005
Email: drew@sarrettlawfirm.com
Email: ian@sarrettlawfirm.com
*Counsel for Plaintiff*

By: /s/ *Matthew L. Haws*

Matthew L. Haws
Virginia Bar No. 48368
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington DC, 20001
Phone: 202-639-6065
Mhaws@jenner.com

*Attorney for Defendant General Dynamics Information Technology, Inc.*