**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**ANTHONY S. DOSS**

      **Plaintiff,**

**v.**                                                                        **Civil Action No. 3:20cv45**

**GREAT LAKES EDUCATIONAL
LOAN SERVICES, INC.,**

      **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Great Lakes Educational Loan

Services, Inc.'s ("Great Lakes") Motion to Dismiss (the "Motion") pursuant to Federal Rule of

Civil Procedure 12(b)(6).[1]  (ECF No. 30.)  Plaintiff Anthony S. Doss filed a response to the

motion, and Defendant replied.  (ECF Nos. 47, 48.)

The matter is ripe for disposition.  The Court dispenses with oral argument because the

materials before the Court adequately present the facts and legal contentions, and argument

would not aid the decisional process.  The Court exercises jurisdiction pursuant to 28 U.S.C.

§ 1331.[2]  For the reasons that follow, the Court will deny the Motion to Dismiss.

---

[1] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Doss brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, including 15 U.S.C. § 1681p, which governs jurisdiction.

## I.  Factual and Procedural Background

Doss brings this action against Great Lakes for violations of the Fair Credit Reporting Act.  15 U.S.C. § 1681.  Doss's claims arise from Great Lakes's allegedly unlawful response to Doss's repeated disputes about information Great Lakes furnished[3] to the consumer reporting agencies[4] ("CRAs") about a student loan that Doss maintains was a product of identity theft. (Am. Compl. ¶¶ 2, 48–49, 52, 54–61, ECF No. 27.)

### A.      Factual Allegations[5]

Doss alleges that someone obtained a Federal Direct Plus Loan (the "Student Loan") from the U.S. Department of Education ("Department of Education") in Doss's name without his knowledge or permission, making him the victim of identity theft.  (Am. Compl. ¶¶ 2, 16.)  After the Student Loan's creation, the Department of Education engaged Great Lakes, a federal student loan servicer, to service the Student Loan.  (*Id.* ¶¶ 10, 17.)

Over the course of its management of the Student Loan, Great Lakes furnished information associating the Student Loan with Doss to the CRAs, which in turn prepared and

---

[3] Under regulations promulgated by the Federal Trade Commission, a "furnisher of information" is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report."  16 C.F.R. § 660.2(c); *Alston v. Freedom Plus/Cross River*, No. 17cv33, 2018 WL 770384, at *7 (D. Md. Feb. 7, 2018).

[4] The FCRA defines a "consumer reporting agency" as "any person which . . . regularly engages . . . in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f).

[5] For the purpose of the Rule 12(b)(6) Motion to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

sold credit reports about Doss that provided information about the Student Loan account. (*Id.* ¶¶ 20, 23.) Sometime after the Student Loan became delinquent, Great Lakes transferred it to Maximus Federal Services, Inc., an organization that operates the Department of Education's debt management and collection system. (*See id.* ¶¶ 102–03.)

In 2016, after he became aware of the Student Loan, Doss sought "to obtain a formal discharge for the Student Loan from the Department of Education based on identity theft, but the Department of Education declined to grant such formal discharge." (*Id.* ¶ 18.) On February 8, 2019, approximately three years later, Doss "submitted a [Veterans Affairs] Disability Discharge application to the Department of Education" for the Student Loan based on his disability status.[6] (*Id.* ¶ 34.) On May 6, 2019, three months later, the Department of Education approved Doss's Disability Discharge Application (the "VA Disability Discharge"). (*Id.* ¶ 37.) Although Doss references the disability discharge, he does not attach any documentation to his Amended Complaint. (*Cf. id.* ¶¶ 33–34, 37.)

Between 2017 and 2019, Doss submitted at least eight disputes involving the Student Loan to the CRAs. (*See id.* ¶¶ 22, 24, 27, 35, 39, 45.) In each dispute, Doss contested the accuracy of the information Great Lakes reported for the Student Loan. (*Id.*) In the five most recent disputes, which were all filed in 2019, Doss informed the CRA receiving the dispute that the Student Loan resulted from identity theft. In support of that assertion, he enclosed a police report for the incident, a Federal Trade Commission "Identity Theft Victim's Complaint and

---

[6] Doss served as a U.S. Army Ranger in the Gulf War and has received a total and permanent service-connected disability. (*Id.* ¶ 33.) Under 34 C.F.R. § 685.213(c), Doss qualified for a "Total and Permanent Disability Discharge" due to his disability. (*See* Am. Compl. ¶¶ 33–34.)

Affidavit," and a copy of his driver's license. (*Id.* ¶¶ 27, 35, 39, 45.) On the three most recent disputes, Doss copied Great Lakes. (*Id.* ¶¶ 35, 39, 45).

In response, the CRAs "forward[ed] some or all of Doss's disputes about the Student Loans" to Great Lakes.[7] (*Id.* ¶ 52.) Doss avers that upon receipt, Great Lakes understood the nature of his disputes. (*See id.* ¶¶ 49, 54.) After receiving the ACDV forms about Doss's disputes, Great Lakes, instead of conducting a "detailed and searching investigation," (*id.* ¶ 64), "only review[ed] their own internal computer screens for the account at issue and repeat[ed] back the same information to the ACDV system that was previously reported to [the CRA] transmitting the ACDV at issue," (*id.* ¶ 56).

Doss maintains that Great Lakes's FCRA violations: (1) negatively affected his credit score; (2) caused him to incur out-of-pocket expenses; (3) resulted in lost opportunities to enter into credit transactions; (4) damaged his reputation; and, (5) resulted in personal embarrassment, humiliation, and other mental and emotional distress. (*Id.* ¶ 63.) Doss seeks actual damages and, asserting willful conduct, requests statutory damages, punitive damages, and attorney's fees under 15 U.S.C. § 1681n.[8] (*Id.* ¶¶ 68–69.) In the alternative, he claims Great Lakes's violations

---

[7] Generally, when a CRA receives a consumer dispute, it transmits the dispute via an automated credit dispute verification ("ACDV") form to the Furnisher of the contested information. (Am. Compl. ¶ 48.)

[8] 15 U.S.C. § 1681n provides in pertinent part:

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or . . . such amount of punitive damages as the court may allow; and . . . in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a).

resulted from negligence, entitling him to actual damages and attorney's fees under 15 U.S.C.

§ 1681o.[9]  (*Id.* ¶ 69.)

### B.   Procedural Background

Doss brings a single count against Great Lakes for allegedly violating the FCRA.  (*See*

Am. Compl. ¶¶ 57, 59–61.)  Specifically, Doss alleges that Great Lakes violated 15 U.S.C.

§ 1681s-2(b)(1)(A) through (D):

(1)   **Section 1681s-2(b)(1)(A):**  Great Lakes violated 15 U.S.C. § 1681s-2(b)(1)(A) "by failing to fully and properly investigate [Doss's] credit reporting disputes as required."  (*Id.* ¶ 59.)

(2)   **Section 1681s-2(b)(1)(B):**  Great Lakes violated 15 U.S.C. § 1681s-2(b)(1)(B) "by failing to review all relevant information provided by the CRAs with respect to [Doss's] disputes."  (*Id.* ¶ 60.)

(3)   **Section 1681s-2(b)(1)(C) and (D):**[10]  Great Lakes violated both 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by "publishing [its] representations within [Doss's] credit files without also including a notation that the [Student Loan account] w[as] disputed and by failing to correctly report results of an accurate investigation to the CRAs and to permanently and lawfully correct [its] own internal records to prevent the re-reporting of the inaccurate reporting."  (*Id.* ¶ 61.)

---

[9] 15 U.S.C. § 1681o provides in pertinent part:

Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . any actual damages sustained by the consumer as a result of the failure; and . . . in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681o(a).

[10] Courts typically analyze 15 U.S.C. §§ 1681s-2(b)(1)(C) and (D) in tandem.  *See Harden v. Residential Credit Sols., Inc.*, No. 3:16cv668, 2017 WL 2888763, at *4–5 (E.D. Va. June 12, 2017), *report and recommendation adopted*, No. 3:16cv668, 2017 WL 2888721 (Lauck, J.) (E.D. Va. July 6, 2017) (analyzing alleged violations of 15 U.S.C. 2(b)(1)(C) through (E) together).

On January 24, 2020, Doss filed his initial Complaint in this Court. (ECF No. 1.) The Complaint contained eight counts under the FCRA against three Defendants, including Great Lakes. (*Id.*) On March 17, 2020, two months later, Doss moved to amend his Complaint. With the Court's permission, Doss filed his Amended Complaint. (ECF Nos. 23, 26–27.) In the Amended Complaint, Doss brings seven counts under the FCRA and one count under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, against seven Defendants.[11] (*Id.* ¶¶ 47–110.) Great Lakes filed its Motion to Dismiss. (ECF No. 30.) Doss timely filed his Memorandum in Opposition. (ECF No. 47.) Great Lakes filed its Reply Memorandum, (ECF No. 48), rendering this matter ripe for review.

For the reasons that follow, the Court will deny the Motion to Dismiss.

## II.  Standard of Review:  Rule 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a Complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate

---

[11] Since the filing of the Amended Complaint, the other six Defendants have all been dismissed from the case. (*See* ECF Nos. 66, 69, 71, 73, 75, 77.)

6

some factual enhancement within the Complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676–79; *see also Kensington*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the Complaint' and 'draw all reasonable inferences in favor of the plaintiff'" (quoting *Kolon Indus.*, 637 F.3d at 440)).

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (citations omitted). "[I]n the event of conflict between the bare allegations of the complaint and any attached exhibit . . . ,

the exhibit prevails." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991).

### III. Analysis

Great Lakes seeks relief under Rule 12(b)(6) on three general grounds. First, Great Lakes contends that Doss fails to plausibly allege that Great Lakes reported inaccurate information about the Student Loan, which Great Lakes argues acts a prerequisite to maintaining a claim under 15 U.S.C. § 1681s-2(b). (Mem. Supp. Mot. Dismiss 2, ECF No. 31.) Second, Great Lakes submits that the information it reported for the Student Loan was not inaccurate as a matter of law because: (1) Doss asserted that the Student Loan was his in the VA Disability Discharge for the Student Loan; (2) Doss never adjudicated his identity theft claim; and, (3) Doss's consumer disputes lacked merit. (*Id.*) Finally, Great Lakes asserts that the applicable statute of limitations under the FCRA bars Doss's claims. (*Id.* 3.)

The Court finds these arguments unavailing. First, the Court concludes that Doss states a claim under § 1681s-2(b) because a plaintiff need make an initial showing only that a Furnisher such as Great Lakes reported inaccurate *or incomplete* information to survive a motion to dismiss. *See Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008); *Short v. Experian Info. Sys., Inc.*, No. 2:16cv9294, 2017 WL 2296887, at *3 (S.D. W. Va. May 25, 2017). Second, the Court finds that Doss plausibly alleges that Great Lakes violated § 1681s-2(b)(1)(A) by failing to reasonably investigate his consumer disputes. Third, the Court determines that Doss states a claim that Great Lakes violated § 1681s-2(b)(1)(B) by failing to review all relevant information about his consumer disputes provided by the CRAs.

As to the assertion that Great Lakes violated § 1681s-2(b)(1)(C) and (D), Doss's allegations that Great Lakes failed to report his disputes to the CRAs survive this Motion to

Dismiss. Finally, the Court concludes that the applicable two-year statute of limitations does not bar Doss's claims because he alleges the FCRA violations as recent as 2019. For the reasons that follow, the Court will deny the Motion.

### A.    Legal Standard:  Duties of Furnishers Under the FCRA

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "To this end, FCRA requires [CRAs] to follow procedures in reporting consumer credit information that both 'meet[ ] the needs of commerce' and are 'fair and equitable to the consumer.'" *Saunders*, 526 F.3d at 147.

The FCRA imposes two general duties on Furnishers. "The first subsection, § 1681s-2(a), provides that furnishers have a general duty to provide accurate and complete information; the next subsection, § 1681s-2(b), imposes an obligation to review the previously disclosed information and report whether it was 'incomplete or inaccurate' upon receipt of a notice of dispute from a CRA." *Id.* at 149.

Once the CRA notification triggers a Furnisher's duty to investigate, the Furnisher must reasonably investigate its records to determine whether it can verify the disputed information (the "Duty to Investigate"). 15 U.S.C. § 1681s-2(b)(1)(A); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004). "[W]hether a defendant's investigation is reasonable is usually a factual question reserved for trial." *Tieffert v. Equifax Info. Servs., LLC*, No. 3:14cv609, 2014 WL 7240263, at *4 (E.D. Va. Dec. 19, 2014) (quoting *Aviles v. Equifax Info. Servs., LLC*, 521 F. Supp. 2d 519, 523 (E.D. Va. 2007)). At a minimum, however, a reasonable investigation "requires some degree of careful inquiry by creditors." *Johnson*, 357 F.3d at 430.

After conducting the investigation, the FCRA requires a Furnisher to report the results of the investigation to the CRA that received the consumer dispute (the "Duty to Report Investigation Findings"). 15 U.S.C. § 1681s-2(b)(1)(C). Importantly, if the Furnisher discovers inaccurate or incomplete information during its investigation, the FCRA requires that it report those findings to all other CRAs (the "Duty to Notify About Inaccurate or Incomplete Reporting"), as well as modify, delete, or block the reporting of the inaccurate or incomplete information going forward (the "Duty to Rectify Inaccurate or Incomplete Reporting"). *Id.* § 1681s-2(b)(1)(D) and (E).

### B.   Doss Plausibly Alleges That Great Lakes Reported Inaccurate and Incomplete Information

To state a claim under § 1681s-2(b), a consumer must only make "a plausible showing that an item in the credit reporting is inaccurate or incomplete."[12] *Short*, 2017 WL 2296887, at *3. Specifically, "a report 'is inaccurate' not only 'when it is patently incorrect' but also 'when it is misleading in such a way and to such an extent that it can be expected to [have an] adverse[]' effect'" on a consumer's credit. *Saunders*, 526 F.3d at 148 (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (internal quotation marks omitted)).

Doss states a claim under § 1681s-2(b) because he plausibly alleges that Great Lakes reported both inaccurate and incomplete credit information about the Student Loan. First, Doss

---

[12] Great Lakes argues that to state a claim under § 1681s-2(b), a plaintiff must allege that the Furnisher reported "inaccurate" information. (Mem. Supp. Mot. Dismiss 2.) But "inaccuracy" is not the sole basis for a claim. Courts regularly find that a plaintiff must show that such information is inaccurate *or incomplete*. *See Saunders*, 526 F.3d at 148 (finding that inaccurate reporting includes reports with patent inaccuracies as well as reports with omissions that render them misleading); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) ("This reasoning [in *Saunders*] is persuasive."). Therefore, while courts have found that accuracy may be a defense to FCRA claims, courts typically do not limit "accuracy" to an inquiry of patent or technical inaccuracies alone. *Cf. Adams v. Applied Bus. Sec., Inc.*, No. 2:17cv527, 2018 WL 999678, at *3 n.3 (E.D. Va. Feb. 21, 2018).

plausibly alleges that Great Lakes furnished inaccurate information in violation of § 1681s-2(b) when it reported the Student Loan to be associated with Doss. Second, Doss plausibly alleges that Great Lakes reported incomplete information in violation of the FCRA when it failed to report Doss's disputes as to the Student Loan.

### 1. Doss Plausibly Alleges That Great Lakes Reported Inaccurate Information When It Reported the Student Loan as Associated with Doss

Reading the Amended Complaint favorably to Doss, he plausibly alleges that Great Lakes furnished inaccurate and incomplete information when it reported the Student Loan as associated with Doss. Doss alleges in the Amended Complaint that someone else obtained the Student Loan in his name without his knowledge or permission. (Am. Compl. ¶ 16.) In response, Doss filed a police report and submitted a Federal Trade Commission "Identity Theft Victim's Complaint and Affidavit" about the crime. (*See id.* ¶¶ 27, 35, 39, 45.) These allegations create a reasonable inference that Great Lakes inaccurately reported the Student Loan as belonging to Doss. *See Wood v. Credit One Bank*, 277 F. Supp. 3d 821, 848–51 (E.D. Va. 2017) (Lauck, J.) (granting summary judgment for consumer on whether he opened the credit account or authorized its opening when he submitted a sworn statement from himself and his mother that he was a victim of identity theft).

Great Lakes counters that Doss certified the Student Loan as his in the VA Disability Discharge Application, meaning it accurately associated the Student Loan with Doss. The Court cannot evaluate in such a factual dispute here. Great Lakes raises this specter by attaching a blank VA Disability Discharge Application as an exhibit to its briefings. (Mem. Supp. Mot. Dismiss Ex. B "Blank VA Disability Discharge Application," ECF No. 30-3.) Even were the Court to consider such additional information, this blank document holds no evidentiary or

11

persuasive value. Moreover, Doss both contests the inferences Great Lakes draws from the

blank application and attaches what he argues to be the completed version of the application to

his briefings. (Resp. Ex. 1, ECF No. 47-1.) Because the blank and completed versions of the

application support conflicting inferences, and because the Court may "not resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses" on this Motion to

Dismiss, the Court declines to take judicial notice of the applications. *Republican Party of N.C.*,

980 F.2d at 952. As such, reading the Amended Complaint favorably to Doss and without

considering the VA Disability Discharge Applications, the Court finds that Doss plausibly

alleges that he never assented to liability for or certified ownership over the Student Loan.[13]

> **2.     Doss Plausibly Alleges That Great Lakes Reported Incomplete Information When Great Lakes Failed to Report that Doss Disputed the Student Loan**

Doss plausibly alleges that Great Lakes reported incomplete information when it did not

report Doss's disputes as to the Student Loan, which resulted in "misleading" reporting that

---

[13] Great Lakes's decision to inject factual information suggesting that Doss ratified his obligation for the Student Loan by obtaining its discharge via VA disability not only goes beyond the Amended Complaint but invited Doss to muddy the record with similarly premature factual information. Doss did so.

To the extent Great Lakes argues that Doss "ratified" the loan, the Court declines to review such a factual inquiry at the motion to dismiss stage. Under Virginia law, fraud renders a contract either void, in which case Doss cannot ever be liable for the Student Loan, or voidable, in which case Doss can be held liable for the Student Loan only if he ratified it. *In re Spence*, No. 97-19586-SSM, 1999 WL 35108963, at *6 (Bankr. E.D. Va. May 24, 1999) ("[F]raud in factum renders a transaction absolutely void, while a contract induced by fraud is not void, but only voidable." (citing *Martin v. S. Salem Land Co.*, 25 S.E. 591, 597 (Va. 1897)). Thus, ratification might negate Doss's assertion that the loan was never his because it resulted from identity theft, but ratification is a question of fact. *Millboro Lumber Co. v. Augusta Wood Prod. Corp.*, 125 S.E. 306, 309 (Va. 1924). At this procedural juncture, the Court cannot resolve the factual question of whether Doss ratified the Student Loan by obtaining a VA Disability Discharge.

could be "expected to [have an] adverse[] effect" on Doss's credit. *Saunders*, 526 F.3d at 148 (internal quotation marks and citations omitted.)

Doss contends that in his five most recent consumer disputes, he informed the associated CRAs that the loan resulted from identity theft, enclosing a police report for the incident and a Federal Trade Commission "Identity Theft Victim's Complaint and Affidavit" to support his claim. (Am. Compl. ¶¶ 27, 35, 39, 45.) Viewed in the light most favorable to Doss, these factual allegations create an inference that Great Lakes's "decision to report the debt without *any* mention of a dispute was 'misleading in such a way and to such an extent that it can be expected to have an adverse effect" on Doss's credit. *Saunders*, 526 F.3d at 148 (quoting *Dalton*, 257 F.3d at 415 (internal quotation marks omitted)).[14]

---

[14] While Great Lakes argues that Doss must present an adjudication of his claim for identity theft, the Court finds no support for such a contention in this Circuit. Great Lakes relies heavily on a single case from the Southern District of California to support its argument. *Petrou v. Navient*, No. 17cv2033, 2018 WL 3020160 (S.D. Cal. June 15, 2018). In that case, a consumer brought a claim under 15 U.S.C. § 1681s-2(b) against a federal student loan servicer for its alleged failure to adequately investigate disputes regarding two student loans in his name, which he claimed arose from identity theft. *Id.* at *1. The *Petrou* Court found that the consumer did not plausibly allege that the servicer reported inaccurate or incomplete information because the consumer never obtained an identity-theft discharge from the Department of Education. *Id.* at *3.

*Petrou* is not binding on this Court, nor is it persuasive. *Petrou* is distinguishable, as it conflates a credit-reporting investigation under § 1681s-2(b) with an administrative loan discharge under 34 C.F.R. § 685.215(c)(5), which requires "copy of a local, State, or Federal court verdict or judgment that conclusively determines that the individual who is named as the borrower of the loan was the victim of a crime of identity theft." 34 C.F.R. § 685.215(c)(5)(i)(C). This strict reading of § 1681s-2(b) runs contrary to the remedial purpose of the FCRA. *See Hoke v. Retail Credit Corp.*, 521 F.2d 1079, 1082 n.7 (4th Cir. 1975) (explaining that the Fourth Circuit interprets the FCRA liberally in light of its "broad remedial purposes"). Especially absent appellate or district court precedent to require an identity-theft discharge from the Department of Education in the Fourth Circuit, the Court declines to follow *Petrou.*

Although Great Lakes argues that Doss's credit disputes lacked merit—meaning that their reports could not have been inaccurate or incomplete as a matter of law—a consumer must only make "a plausible showing that an item in the credit reporting is inaccurate or incomplete" to survive a Rule 12(b)(6) motion to dismiss. *Short*, 2017 WL 2296887, at \*3; *see also Saunders*, 526 F.3d at 150 (noting that "some courts have concluded that a disputed debt differs materially from an undisputed debt *even if the consumer would not succeed at a trial of the dispute*" (emphasis added)). For the reasons stated above, the Court concludes that Doss does make a "plausible showing" that Great Lakes's decision to report the Student Loan without noting the dispute was materially misleading and therefore incomplete. *See Saunders*, 526 F.3d at 150.

This Court previously stated,

> A furnisher is not liable for inaccurate reporting for merely failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading. It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under 15 U.S.C. § 1681s-2(b).

*Wood*, 277 F. Supp. 3d at 854 (internal quotation marks and citations omitted). Here, the Court merely restated the *Saunders* standard: that the failure to report a consumer dispute may constitute a violation of § 1681s-2(b) if doing so would be materially misleading. *See Saunders*, 526 F.3d at 150. In *Wood*, the Court granted summary judgment in favor of the consumer on the issue of whether the Furnisher's failure to report his consumer dispute violated § 1681s-2(b). *Wood*, 277 F. Supp. 3d at 853–55. In so granting, the Court found that the Furnisher created a materially misleading impression that a credit account was not in dispute when it failed to report that the consumer continued to dispute the accuracy of the account, which he maintained was the product of identity theft. *Id.* Similarly, the Court finds here that Doss plausibly alleges that

14

Great Lakes reported incomplete information that was materially misleading when it reported the Student Loan as associated with Doss, without reporting his disputes to the contrary. *See id.* at 853–55.

### C.    Doss's Plausibly Alleges That Great Lakes Violated § 1681s-2(b)(A)–(D)

Having found that Doss plausibly establishes inaccurate or incomplete reporting by Great Lakes under § 1681s-2(a)(2), the Court now considers whether Doss plausibly states a claim under 15 U.S.C. § 1681s-2(b).  For the reasons that follow, the Court determines that Doss states a claim that Great Lakes violated the FCRA when Great Lakes failed to reasonably investigate Doss's disputes, failed to review all the information provided by the CRAs in conjunction with his disputes, and failed to notify any CRA that it reported inaccurate and incomplete information about the Student Loan.

As previously stated, Doss brings one count against Great Lakes in which he claims that Great Lakes violated § 1681s-2(b)(1)(A) through (D).[15]  Doss presents plausible theories under each of these four FCRA provisions.  First, he plausibly states a claim under § 1681s-2(b)(1)(A) by alleging that Great Lakes failed to reasonably investigate his disputes about the Student Loan. Next, he plausibly states a claim under § 1681s-2(b)(1)(B) by alleging that Great Lakes failed to review all the information the CRAs provided about his consumer disputes.  Finally, the Court evaluates § 1681s-2(b)(1)(C) and (D) in tandem, finding that Doss plausibly states a claim under each subsection by alleging that Great Lakes failed to notify any CRA that Great Lakes reported

---

[15] Stating a claim under any of these provisions requires alleging:  (1) that the consumer submitted a dispute to the CRAs; and, (2) that the CRAs notified the Furnisher of this dispute. *See Tieffert*, 2014 WL 7240263, at *4.  Doss articulates the necessary elements of a § 1681s-2(b) claim when stating that he submitted several disputes to the CRAs about the Student Loan, which the CRAs then forwarded to Great Lakes via ACDV forms. (*See* Am. Compl. ¶¶ 22, 24, 27, 35, 39, 45, 49, 52, 54.)

inaccurate or incomplete information about the Student Loan. *See Harden*, 2017 WL 2888763, at \*4–5 (analyzing alleged violations of 15 U.S.C. 2(b)(1)(C) through (E) together). The Court addresses each of these issues seriatim.

     1.    **Doss Plausibly Alleges That Great Lakes Violated 15 U.S.C. § 1681s-2(b)(1)(A) for Failing to Reasonably Investigate His Disputes**

Doss plausibly alleges that Great Lakes violated 15 U.S.C. § 1681s-2(b)(1)(A) when it failed to reasonably investigate the Student Loan. A plaintiff states a claim under 15 U.S.C. § 1681s-2(b)(1)(A) when he or she alleges that "the furnisher failed to reasonably investigate the disputed information and take appropriate action based on its findings." *Tieffert*, 2014 WL 7240263, at \*4 (citing *Johnson*, 357 F.3d at 431; *Taylor v. First Premier Bank*, 841 F. Supp. 2d 931, 933 (E.D. Va. Jan. 11, 2012)). "[W]hether a defendant's investigation is reasonable is usually a factual question reserved for trial." *Tieffert*, 2014 WL 7240263, at \*4 (quoting *Aviles*, 521 F. Supp. 2d at 523). At a minimum, however, a reasonable investigation "requires some degree of careful inquiry by creditors." *Johnson*, 357 F.3d at 430.

Doss pleads sufficient facts to create a reasonable inference that Great Lakes failed to reasonably investigate his disputes. In the Amended Complaint, Doss contends that after receiving his disputes, Great Lakes "conducted cursory reviews of [its] internal computer systems for credit reporting and regurgitated back to the ACDV system the inaccurate, derogatory credit reporting" about the Student Loan. (Am. Compl. ¶ 57.) At this procedural juncture, "this paragraph may be read as establishing that the inaccurate information was never rectified, and is therefore sufficient to allege that [Great Lakes] failed to properly investigate the dispute." *Harden*, 2017 WL 2888763, at \*3 (quoting *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 928 (N.D. Ill. 2000)) (finding that a consumer stated a claim under § 1681s-2(b)(1)(A) by alleging that the Furnisher simply regurgitated back to the ACDV system the same

inaccurate credit reporting). Indeed, a cursory review of the sort alleged here plausibly falls short of the minimal "careful inquiry" requirement of a reasonable review. *See Johnson*, 357 F.3d at 430. Doss states a claim under 15 U.S.C. § 1681s-2(b)(1)(A) that survives this Motion to Dismiss.

> **2. Doss Plausibly Alleges That Great Lakes Violated 15 U.S.C.
> § 1681s-2(b)(1)(B) for Failing to Review All Relevant Information
> Provided by the CRAs in Conjunction with Doss's Disputes**

Doss next states a claim that Great Lakes violated 15 U.S.C. § 1681s-2(b)(1)(B) when it failed to review all relevant information provided by the CRA in conjunction with Doss's dispute. To state a claim under 15 U.S.C. § 1681s-2(b)(1)(B), a "[p]laintiff must set forth facts that could support a finding that [the defendant] failed to review all relevant information provided to it by [the CRAs] in conjunction with [the plaintiff's] dispute." *Harden*, 2017 WL 2888763, at *4.

Doss asserts that Great Lakes violated § 1681s-2(b)(1)(B) when it used a standardized procedure that ultimately repeated back to the ACDV system the same information Great Lakes previously reported to the CRAs. This violation of the FCRA bears remarkable similarities to the alleged violation under this provision in *Harden*. In *Harden*, this Court determined that Harden stated a plausible claim under § 1681s-2(b)(1)(B) by alleging that: (1) the Furnisher used a standardized system for receiving and processing consumer disputes from the CRAs; (2) the Furnisher understood the consumer's disputes because of this system; and, (3) the Furnisher ignored the information in the reporting system and "simply regurgitated the same information it had previously reported to" the CRAs. *Id.*

Doss's three allegations at bar mirror those in *Harden*. Doss avers that: (1) Great Lakes used the ACDV form as a standardized system for receiving and processing consumer disputes,

17

(Am. Compl. ¶¶ 48–49); (2) Great Lakes understood Doss's disputes when it received ACDV

forms from the CRAs, (*id.* ¶ 54); and, (3) Great Lakes ignored relevant information in the ACDV

form, (*id.* ¶ 60), and simply "regurgitated back to the ACDV system" the same information

previously reported to the CRAs, (*id.* ¶ 57). Just as the plaintiff in *Harden* stated a plausible

claim under 15 U.S.C. § 1681s-2(b)(1)(B), Doss does so here by positing the same three factual

circumstances at issue in *Harden. See Harden*, 2017 WL 2888763, at *4.

> **3.    Doss Plausibly Alleges That Great Lakes Violated 15 U.S.C.
> § 1681s-2(b)(1)(C) and (D) for Failing to Notify Any CRA That It
> Reported Inaccurate and Incomplete Information About the Student
> Loan**

Finally, Doss contends that after its investigations, Great Lakes failed to report to any

CRA that Doss disputed the validity of the Student Loan, in violation of 15 U.S.C. § 1681s-

2(b)(1)(C) and (D). To state a claim under 15 U.S.C. § 1681s-2(b)(1)(C) and (D), a "[p]laintiff

must set forth facts that, if taken as true, could support a finding that [the defendant] failed to

report the results of an accurate investigation to [the CRA that notified the defendant of the

consumer dispute] and to any other [CRA] to which [the defendant] furnishes information about

[the plaintiff]." *Harden*, 2017 WL 2888763, at *5.

Doss states a claim that Great Lakes violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) when

it did not mark Doss's credit file as disputed. Again, *Harden* commends this finding. There, the

plaintiff alleged that the Furnisher failed to mark her credit file as disputed, failed to consistently

update its reporting to the CRAs, and failed to "permanently and lawfully correct its own internal

records to prevent re-reporting of the [inaccurate and incomplete] information for the [disputed]

account." *Id.* at *4–5. Based on these allegations, "coupled with . . . the [alleged] discrepancy

between [the Furnisher's] reporting to [some of the CRAs] and its reporting to [another CRA],"

the *Harden* Court found that the plaintiff sufficiently stated a claim under § 1681s-(2)(1)(C) and (D).

As with *Harden*, Doss posits that Great Lakes failed to report an accurate investigative outcome "by publishing [its] representations within [his] credit files without also including a notation that the [Student Loan] Account[] w[as] disputed." (Am. Compl. ¶ 61.) Great Lakes failed to "permanently and lawfully correct its own internal records to prevent re-reporting of the inaccurate reporting." (*Id.*) While Doss does not allege a discrepancy in reporting across the CRAs, nor that Great Lakes failed to consistently update its reporting to the agencies, (*cf. id.* ¶¶ 47–69), the absence of these allegations **does** not defeat his claims. Drawing all reasonable inferences in Doss's favor, he pleads sufficient facts to allow the Court to reasonably infer that Great Lakes failed to report an accurate investigative outcome to the CRA that notified Great Lakes of Doss's disputes, in violation § 1681s-2(b)(1)(C), as well as to all the other CRAs, in violation of § 1681s-2(b)(1)(D). Accordingly, Doss states claims under 15 U.S.C. § 1681s-2(b)(1)(C) and (D) that survive this Motion to Dismiss.

**D.    Doss Plausibly Alleges Willful and Negligent Violations of the FCRA**

Doss plausibly alleges that Great Lakes's conduct amounted to willful or, in the alternative, negligent violations of the FCRA. Reading the Amended Complaint in the light most favorable to Doss, Great Lakes repeatedly violated § 1681s-2(b), which is sufficient to find its conduct was willful under the FCRA. *See Jones v. Equifax, Inc.*, No. 3:14cv678, 2015 WL 5092514, at *3 (E.D. Va. Aug. 27, 2015) (Lauck, J.). In the alternative, Doss plausibly alleges that Great Lakes's conduct was negligent because Doss seeks actual damages stemming from Great Lakes's FCRA violations.

19

1. **Doss Plausibly Alleges That Great Lakes's Conduct Was "Willful"
   Under the FCRA Because Great Lakes Repeatedly Violated
   § 1681s-2(b)**

Doss plausibly alleges that Great Lakes's conduct underlying the previously discussed

violations was willful.  Willful violations include reckless conduct.  *Safeco Ins.*, 551 U.S. at 57–

58.  Reckless actions entail "an unjustifiably high risk of harm that is either known or so obvious

that it should be known."  *Id.* at 68 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

"For purposes of a Rule 12(b)(6) motion to dismiss, courts have found a plaintiff sufficiently

pleads willfulness or recklessness when he or she asserts that a defendant has repeatedly violated

the FCRA or was aware of the FCRA's requirements but failed to comply."  *Jones*, 2015 WL

5092514, at *3 (citations omitted).  "[W]hether an act was done with knowing or reckless

disregard for another's rights remains a fact-intensive question."  *Id.* (quoting *Dennis v. Trans

Union, LLC*, No. 14-2865, 2014 WL 532531, at *8 (E.D. Pa. Oct. 20, 2014)).

Here, Doss has filed at least eight disputes in which he contested the accuracy of the

reporting for the Student Loan.  (Am. Compl. ¶¶ 22, 24, 27, 35, 39, 45.)  The five most recent

disputes are substantially the same: in each, he claims that the Student Loan arose from identity

theft; that he enclosed a police report about the incident; and, that he appended a Federal Trade

Commission "Identity Theft Victim's Complaint and Affidavit."  (*See id.* ¶¶ 27, 35, 39, 45.)

These five disputes, which undergird Doss's FCRA claims against Great Lakes, support a

reasonable inference that Great Lakes "has repeatedly violated [§ 1681s-2(b)] in the past and

failed to correct" its inadequate investigation procedure.  *Jones*, 2015 WL 5092514, at *5

(citation omitted).  Doss therefore states a claim for willful violations of the FCRA.  *See id.*

     **2.**    **Doss Plausibly Alleges That Great Lakes's Conduct Qualifies as "Negligent" Under the FCRA Because Doss Alleges a Violation Occurred That Caused Him Actual Damages**

In the alternative, Doss plausibly pleads negligent violations. "[T]o state a claim for negligent violation of the FCRA, Plaintiff must allege (1) a violation and (2) actual damages stemming from such violations." *Harden*, 2017 WL 2888763, at *5 (citation omitted). The Court already has found that Doss properly places several violations of the FCRA before the Court. Doss also plausibly alleges actual damages, including but not limited to, lost opportunities to enter into consumer-credit transactions and emotional distress. (Am. Compl. ¶ 63.) *See Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 240 (4th Cir. 2009) (finding actual damages in the form of lost opportunity in the mortgage market and emotional distress); *Harden*, 2017 WL 2888763, at *5 (finding actual damages in the form of lost opportunity in the mortgage market). This suffices to show that Doss plausibly alleges both willfulness and negligence in connection with his FCRA claims.

**E.**    **The Statute of Limitations Under the FCRA Does Not Bar Doss's Claims**

Finally, the Court finds that the applicable two-year statute of limitations does not bar Doss's claims because he alleges that Great Lakes violated § 1681s-2(b) as recent as 2019. Under 15 U.S.C. § 1681p, a FCRA claim expires on the earlier of: two years after the plaintiff discovers the violation or five years "after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Great Lakes urges the Court to find Doss's claims time-barred because Doss first disputed credit reporting for the Student Loan in 2016, meaning that his claims "expired sometime in 2018." (Mem. Supp. Mot. Dismiss 12.)

Great Lakes's position runs contrary to the finding of the majority of courts—including this one—that have decided that a new "violation" occurs each time "a consumer submits a

dispute to a CRA and that agency or the relevant lender does not respond as directed by the statute." *Broccuto v. Experian Info. Sols., Inc.*, No. 3:07cv782, 2008 WL 1969222, at *4 (E.D. Va. May 6, 2008); *see also Vasquez v. Bank of Am., N.A.*, No. 15cv04072, 2015 WL 7075628, at *3 (N.D. Cal. Nov. 13, 2015) ("The majority of courts have concluded that 'each separate notice of dispute triggers a duty to investigate the disputed information, regardless of whether the information has been previously disputed,' and each time a furnisher fails reasonably to investigate the dispute results in a new FRCA [sic] violation." (collecting cases)). Therefore, the fact that the Student Loan at issue "may have also been the subject of a previous dispute does not mitigate the obligations of the [Furnisher] or CRA to take the actions outlined in § 1681s-2(b)(1)(A)–(D)." *Id.* Despite Great Lakes's invocation of nonbinding and unpersuasive law, the limitations period under the FCRA restarts every time a Furnisher receives a dispute and fails to respond as directed by the statute, even if the Furnisher previously received a substantially similar dispute. *See Broccuto*, 2008 WL 1969222, at *4.

In the instant case, Doss posits that his claims arose from his 2019 dispute date, to which he alleges Great Lakes failed to properly respond, and therefore the applicable statute of limitations does not bar Doss's claims. 16 U.S.C. § 1681p. Doss filed five consumer disputes in 2019. (Am. Compl. ¶¶ 27, 35, 39, 45.) As discussed, he plausibly stated several FCRA violations in relation to each of these disputes. Thus, the statute of limitations for all these violations expire sometime in 2021. Doss filed his initial complaint on January 24, 2020, well within the limitations period. (*See id.*) Accordingly, the Court concludes that Doss's FCRA claims are not time-barred by 15 U.S.C. § 1681p.

## IV.  Conclusion

For the foregoing reasons, the Court denies the Motion to Dismiss.  (ECF No. 30.)

An appropriate Order shall issue.

_____ /s/
M. Hannah Lauck
United States District Judge

Date: 3/30/21
Richmond, Virginia